UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

CASE NO. 2:23-cv-01646-JLG-CMV

COURTNEY ADAMS, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

SAFELITE GROUP, INC.,

    Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

Judge James L. Graham

Magistrate Judge Chelsey M. Vascura

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER**

Plaintiff Courtney Adams hereby responds to Defendant Safelite Group, Inc.'s Motion to Transfer Venue, [DE 18], and states:

Plaintiff does <u>not</u> oppose a transfer to the Middle District of Florida given Defendant's representations that (1) none of its violative conduct occurred in this jurisdiction; (2) all relevant witnesses and evidence are located in Florida; and (3) "the entirety of the events giving rise to the claim occurred[]" in Florida, Mot. at 4. However, Plaintiff wishes to briefly address several false accusations asserted in Defendant's Motion.

**<u>First</u>**, Plaintiff was within her right to dismiss and re-file this case, and "Defendant's speculation as to Plaintiff's motives in refiling" are irrelevant. *See Williamson v. Irving K Motor Co., LLC*, Civil Action No. 3:21-CV-1599-L, 2022 U.S. Dist. LEXIS 17311, at *2-3 (N.D. Tex. Jan. 31, 2022) (denying motion to transfer venue where, as here, the defendant's claim of forum shopping was supported by speculation). Instead, it is Defendant who is engaging in forum shopping to avoid the binding holding of *Dickson v. Direct Energy, LP*, where the Sixth Circuit recently sided with the majority view on TCPA standing. *See* 69 F.4th 338 (6th Cir. 2023). Defendant seeks to transfer this case to the Eleventh Circuit

1

in the hopes that it will be dismissed for lack of standing under Eleventh Circuit's minority view on standing.

**Second**, Defendant accuses Plaintiff of manufacturing this case. Defendant supports this serious accusation with (1) no evidence; (2) its ***belief*** about whether Plaintiff's windshield was broken; and (3) ability to apparently deduct Plaintiff's intentions. *See* Mot. at 6-7. Besides consisting of rampant speculation, Defendant's theory is nonsensical. According to Defendant, Plaintiff somehow knew that if she called Defendant and provided her telephone number, she would subsequently receive advertising spam texts from Defendant. Plaintiff has never worked for Defendant or received text messages from Defendant, so it will be interesting to see how Defendant plans to back its claims as a basis to conduct the harassing and overbroad discovery outlined in its Motion.

**WHEREFORE**, Plaintiff respectfully requests an order granting Defendant's Motion to Transfer Venue, and for such other relief deemed appropriate.

DATED: June 30, 2023

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

2